UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ALAN DEAN HILL,

Plaintiff,

v.

CDCR,

Defendant.

Case No. 2:26-cv-2775-TLN-JDP (P)

ORDER

Plaintiff, a state prisoner, brings this action under section 1983 and alleges that defendant California Department of Corrections and Rehabilitation ("CDCR") violated his rights by failing to provide him with a 'lower' bed, causing him to fall numerous times from his 'shelf' bed. ECF No. 1 at 3-4. The complaint, as articulated, does not state a cognizable claim, and I will dismiss it with leave to amend. Additionally, I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 7.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff alleges that, while housed at Pelican Bay State Prison, he was assigned to a "shelf" that is roughly fifty-nine inches off the floor. ECF No. 1 at 3. He claims that he fell numerous times trying to descend from the "shelf" bed, and that he should have been assigned a "lower" bed. *Id.* at 3-5. The only defendant named, however, is the CDCR itself, which is not a "person" within the meaning of section 1983. *See Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) ("Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983.").

Plaintiff's complaint is dismissed with leave to amend so that he may address this

deficiency. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Amended Complaint." If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute and to follow court orders.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is GRANTED.

IT IS SO ORDERED.

Dated: October 23, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE